Case number 14-1277 Jeffrey Swaters petitioner versus United States Department of Transportation. Mr. Joe for the petitioner, Mr. Sergio for the respondent. Mr. Joe, we're ready for you. We can't hear without the microphone. Here on behalf of Mr. Swaters, your honor, Tony B. Joe. And I'd like to start off by saying that Mr. Swaters had an unblemished record for 14 years as a commercial airline pilot. Never, ever had any indication, violations, any sort of problem with drugs and alcohol. As a matter of fact, he was an amazingly great airline pilot, the kind you'd really want flying your airplane. He got into this problem that is really apparent in the drug and alcohol collection process that DOT controls the regulations of and then those regulations apply to countless agencies throughout the government. One of the agencies is the FAA. So DOT, when you have an enforcement case brought by the FAA against a commercial pilot for his laboratory sample coming back positive, will then just take the laboratory's result as a given fact and the actual, in bringing an FAA enforcement action to revoke a license based on this, what actually happens is a disconnect between the ability to go after the root problem of identity, which if you think about DNA testing throughout this country in all sorts of types of cases, allowed by all the states and kicked back by the Supreme Court to the states to administer, you have a big block in the ability of a pilot to do anything about it at the enforcement level with the FAA. Is this really an FAA or even DOT problem? Congress's statute, 49 U.S.C. 45104, requires incorporation of Department of Health and Human Services guidelines, right? And those are the guidelines that ultimately say you can't test for DNA, right? Well, the Ombuds Act of 1991, issued by Congress, directed HHS to develop guidelines for it to be used and for all the other agencies to adopt their own guidelines. That's what DOT did. I'm not sure. It says, carrying out section 45102 of the title, the administrator of FAA shall develop requirements that incorporate the Department of Health and Human Services scientific and technical guidelines and any amendments to those guidelines, right? The FAA is bound to adopt, according to Congress, whatever the Department of Health and Human Services guidelines are. The agency that controls the FAA's guidelines is, with regard to drug and alcohol testing, is the DOT, Department of Transportation. Let me ask it another way. If the HHS guidelines clearly prohibit the use of specimens for DNA testing, would it be possible for the FAA to take a different view and say you can use the specimens for DNA testing? Well, the DOT engaged in its own NPRM process and asked the stakeholders in the industry to comment, and they all commented. And at that time, DOT assured the industry that there would be the ability to evaluate mistakes in the process. But when DOT actually issued Part 40, 49 CFR Part 40, particularly Part 41.13, prohibited the use of DNA testing at all. That didn't mirror a statement made in HHS's guidelines. So you have that. That's true. But the FAA takes the case that was brought against Mr. Sweaters by the FAA. He didn't have any procedural way to go after the sample other than a chain of custody. He had to follow. The FAA has these regulations under Part 120 of the FARs, which basically take the results of the laboratory's finding and make those a given fact. I guess what I'm asking is, can you tell me a way to read Section 45.104 that would allow the FAA to do something different than Health and Human Services does with respect to DNA testing? I'm not sure I can answer that question because I feel like the FAA's adoption of the drug and alcohol regulations that they received from DOT are their regulations. The guidelines HHS have mirror the DOT. They're both basically the same. But you don't have any attack like we do. This gentleman went back home and he really wanted to bring a tort case to prove it wasn't him. He filed the tort case and then DOT interferes at the state level by telling the attorneys for the laboratory to continue to fight the resistance of the production of the laboratory sample for DNA testing and to cite federal preemption. Well, there is no federal preemption. Once it goes back, it's all done and it's over with. This is an entirely different case. It's an entirely different case, but the case you're making in the state court would raise the same issue, would it not, that was resolved finally in the 11th Circuit in prior litigation. The problem with res judicata and collateral estoppel is that in the NTSB ALJ hearing and the board's review of that hearing, there is no procedural way. They don't follow the federal rules of civil procedure. They follow their own rules under 821 of the NTSB. Those rules don't allow a collateral attack or discovery or calling experts or cross-examination at the NTSB enforcement hearing of the laboratory. The laboratory is not a party to the FAA proceeding. It's just the FAA against the airmen. And the judges won't allow it because they take the results of the sample as true. And the only thing you can do is put on some evidence about whether he saw the guy initial, the thing, and all this chain of custody stuff. But as far as an attack on the identity of it being switched somehow, there's no way to do that. There's no way to preserve any evidence. There's no way to have a Fifth Amendment right to put on evidence and cross-examination, create a record, so the 11th Circuit could even have anything to look at. To the 11th Circuit? And he didn't really object to it. Did the 11th Circuit address specifically the chain of custody? Yes. They adopted the findings of the administrative law judge. So I guess your argument then is, from the way I'm hearing it now, comes down to saying it would be, the prior proceeding was procedurally too limited to serve as a collateral assault. Absolutely. Absolutely. It's just like the McNary case the Supreme Court decided. Procedurally that Mr. Squatters didn't have any way to go after the DOT regulation. Because he can't, believe it or not, he couldn't even put a trial on at the ALJ about the DOT's regulations. Because the charges made against him are FAA violations, not DOT. So the judge won't entertain it because it's not a regulation that's being pursued. So if you prevail here, and you go back then to the state court with your sample. Yeah, this was just a tort case that he wanted to bring against the laboratory. They have a high percentage of failure rates. I've handled a number of these cases. But the point is, this is a nettedge of tort state action that he's had now, which is like seven or eight years after the whole FAA thing was over. He wasn't really injured. He didn't have standing to be here today if he didn't have an injury. And the real injury he suffered was DOT's inability under APA to respond to our inquiry about their regulation. I mean, I'm sure you've read what they told us, which was essentially, we're not going to go back and open the whole case. Well, we asked them about their regulation because in Part 40, there is a provision they can release the sample. All we're really after is that sample. So I look at 40.13, 49 CFR. It says, a laboratory is prohibited from making a DOT urine specimen available for a DNA test or other type of specimen identity. And I submit that that's true in the administrative enforcement FAA proceeding, but not in the state court proceeding. It doesn't say that. It just says these are all about laboratories. Right. And it says a laboratory is prohibited from making a urine sample available. There's also language in Part 40 that allows for the laboratory to move, to quash the subpoena, to produce it, but only one time. Not continually go up to the Supreme Court of the state of Florida in this case, suggesting that it's federal preemption. Well, what about the statute that says, which is 49 U.S.C. 49106? You brought that up before, and I understand. And we submit the statute's unconstitutional. Ah, I see. So this is actually constitutional. It's a constitutional argument. You want us to overturn the statute? I want you to overturn 40.13 as unconstitutional in a state court tort action because it violates the Tenth Amendment. Okay. So the statute says a state or local government may not prescribe, issue, or continue in effect a law, regulation, standard, or order that is inconsistent with regulations prescribed under this chapter. And that's HHS, isn't it? Or is that Part 40? This is 49 U.S.C. 45106. That's D.O.T. 49106. Yeah. That's true. That's federal preemption. And you're saying that that's unconstitutional under the Tenth Amendment. No, what I'm saying is what's unconstitutional is that he has no way to go forward with his state tort case at all. The judge ordered the sample produced for evaluation. They moved to quash it. The judge ordered it produced. They took an appeal to the circuit court, and the circuit court decided they were told that D.O.T. wouldn't allow it, and so they just wouldn't release it. Well, isn't that a decision of the state courts that they are going to honor the federal preemption statute and the federal regulation? We say, in our case, D.O.T. interfered with the state court proceeding because they're not supposed to do anything more than move to quash. They're supposed to comply with all state orders. They had a state order, the second order, to say it's produced by the state court judge, but they still wouldn't comply. And then they told the attorneys to go tell the court of appeals that it was federal preemption. It's not federal preemption as to the state tort case. That's how the constitutional problem comes up. I think I'm out of time. You're out of time. Just to clarify, you said a moment ago, I think you said, that your objective or your claim here is in part that the statute's unconstitutional. Right. I thought your brief was aimed solely at the regulation. Well, no, my brief is aimed at the failure of D.O.T. to answer the question we asked them, because we were trying to get them to release the sample because there's an authority in the Part 40 that allows them to release the sample. They wouldn't even answer the question. So it's arbitrary and capricious to not even answer our question. So where does your claim that the statute is unconstitutional? Is it in this litigation or in the state? It's in this litigation because D.O.T. has injured it. Okay. If it's in this litigation, where is it in your brief? Where it's in my brief is throughout the brief. That the statute is unconstitutional. 40.13, as applied, is unconstitutional because it's being used to interfere in state court tort cases long after the administrative process is completely over. 40.13, but that's the regulation. That's the regulation. I know it's the regulation, but the regulation as applied in a state court proceeding is depriving him of his due process rights to a full hearing, a full trial. I've got the regulation and the regulation as applied in a state court proceeding. I still don't have the statute. Where is it that you're arguing the statute is unconstitutional? I'm arguing a part of the statute. 40.13 is unconstitutional as applied. 40.13 isn't the statute, right? Isn't that right? Am I correct about that? 40.13 is the regulation. You mean that you think the regulation is unconstitutional, not the statute? I'm sorry if I said the statute. The regulation is unconstitutional because he has no right to his state court case and the normal discovery, and there's no way to get the discovery if DOT says you can't have it. And this sample is sitting on a shelf, and he can either prove it's him or not. DNA testing is widely used. Okay, thank you. We'll hear from DOT. Good morning. May it please the Court, I'm Lowell Sturgill from the Department of Justice on behalf of the Department of Transportation. The Department of Transportation lawfully declined to grant Mr. Squatter's request for release of his urine specimen for DNA testing under the department's regulation, specifically the 40.13 regulation that you have already discussed. And we believe that the department's action was consistent with the regulations, with the applicable statutes, and with the Constitution. Now, do you read the H-8 Department of Health and Human Services regulation guidelines to essentially make the provision in the DOT guidelines for exemptions? That's 40.7. Unlawful? No, Your Honor. Counsel was referring to 40.331 of the FAA, the DOT regulations, and what those say. But I'm trying to get back to the Chief Judge was asking about the Department of Health and Human Services guidelines, which must be incorporated into the DOT regulations. Yes. But the DOT regulations allow for an exemption under 40.7. So when I read that, I thought the department was taking the position that the HHS guidelines do not restrict its ability to, in its discretion, allow for exemptions. So I'm not sure what you're referring to in 40.7. I can look at that. No, I know. And nobody cites it. So I appreciate that. But I'm just trying to understand, following up on the Chief Judge's questions about the impact of the HHS guidelines on what DOT is able to do in its regulations. Right. So the key regulation is 40.13, and that has a categorical rule that bars the release of any urine specimen to a donor for the purposes of conducting a DNA test. By the laboratory, unless the department consents or ordered by a court. No, that's not what the regulation says. That's why I'm trying to point to – Right. What he's talking about is 40.331. Yes. And what that regulation says is that the department – is that if a donor wants to request a specimen for sort of any circumstance, you can request that from the department, and the department can consider that. But it doesn't say that the department can release that if the request is for the purpose of DNA testing. That's specifically addressed by 40.13. And we've said that basically you have a specific regulation, 40.13, that categorically bars that release. And that that controls, in this context, over a more general regulation, which allows a donor to request the release of a specimen for some unspecified purpose. And this scheme is consistent with the HHS guidelines, which themselves categorically bar the release of a urine specimen for DNA testing. I should also say, with respect to 40.331, the way that regulation operates in practice is that it's basically a notification to the donor that once they provide that specimen for the government as part of the drug testing, they lose control over that specimen. It's no longer their property. It's the government's property. All right. So here's – And if they want it, they have to request it. But, again, they can't get it because there's a categorical bar. So the request is meaningless, is what I'm – In other words, we have a system here where when you read it, it looks like you can figure out a way to get it. But, in fact, you can't get it because the HHS guidelines prohibit DOT from consenting to release. Well, again, 40.331 does not specify the reasons why a person can request a specimen. Right? So that is governed by 40.13. So there's no – Here's my hypothetical. There's no trap. But here's what I want to understand. I'm a pilot. I have a spotless record. And I'm notified that a urine sample tests positive. And I'm fired. I know from all kinds of data in my hypothetical that the collection agency is a mess of errors, 80 percent collection problems. But the regulations say it's presumed that the chain of custody is protected. And there's – that's where the agency stops, as I understand it. So – Not at all, Your Honor. But I'm just trying to understand. Is it that if I accept a job as a pilot and I'm on notice that I may be subject to random urine samples testing, if a test comes back positive, I'm out of a job? No, Your Honor. I mean, there's nothing I can do. No, not at all, Your Honor. What can I do? Exactly what he did here. But he's been totally unsuccessful because he can't make a record. No, that's not the case. All right. First of all, he did have a chance to challenge his license revocation, and he did have a chance to challenge the chain of custody, as it happened in his case. How could he do that? Well, he testified, for example, that he didn't see – that the urine – the collector didn't – he didn't see him, the collector, pour the specimen into the two bottles. He said, I didn't see that, so there could have been a problem with that. There could have been? Right. That's not evidence. Well, yes, it is. It's evidence that the court – that both the ALJ and the NTSB and the 11th Circuit rejected because they found his testimony to be not credible and because of the – Because it was just speculation. So my question is, how can you get evidence, other than a GAO report and that type of thing, that this lab has a terrible record? I just want to understand how, in my hypothetical case, I can put either, in this revocation proceeding under the NSTB rules, evidence, or I can go to a state court and try to put in evidence. So the petitioner put in the – he put in the addendum the regulations that set out the powers of the administrative law judge. And the ALJ has the authority, just similar to what a district judge would have in a civil case, to take evidence, to issue subpoenas, to consider anything that the petitioner – it can even listen to hearsay. So the petitioner has the opportunity to put, for example, in your hypothetical, problems with the collection site history. He can introduce that in his own defense. And he – again, he made a spirited defense here. He said, I didn't see these things happen. There were these problems. These things were considered and rejected. But you would agree that the best evidence was not available to him? Not at all, Your Honor, for several reasons. First of all, as the agency has explained, the best evidence is a properly conducted chain of custody, which the 11th Circuit held happened here. But the 11th Circuit didn't have any record. I mean, with all due respect, and it didn't say it had it. It did. It did have a record. It had a record of everything that he put in. The only thing he didn't put in was a DNA test, and he could have requested it and didn't. But what I'm trying to understand is how would I prove my case? I can speculate. I can say that the lab has a bad history. But how can I show it in my particular case? And just because I didn't see, you know, the specimen poured and I didn't have a videotape of the chain of custody, I don't understand how you defend yourself in this case. Because the presumption is the agency acts properly. Its regulations say it can't release this. It's just totally discretionary. You can't test for DNA. I mean, you can challenge, but you have one hand tied behind your back. I don't think that's accurate, Your Honor, to be honest. I think, again, the plaintiff can put on his case, and there's no guarantee that the ALJ will accept the testimony on the other side. We don't know what the evidence would be in a case like that. All we know here is what he put on, and it was not sufficient. The other problem is that DNA testing, we've introduced the affidavit from the relevant government officials from SAMHSA that say that DNA testing, in their view, is not a proper matrix for proving that a urine sample is not, you know, the person who submitted it. He's challenged all that. I understand, in terms of what your understanding was in 2000 in the preamble, all right, as to what DNA testing is capable of doing. What's in the preamble, the other thing that's in the preamble is that even if the DNA tests were to come back as saying this was not his sample, it still doesn't prove that he didn't substitute the sample. Sure. That's the real concern here is you have pilots up in the air, and the FAA has a compelling interest in making sure that pilots are drug-free and that the people can get on these airlines and fly without that worry. No question about it. That's the real problem. He could have substituted the sample, and a DNA test doesn't give you any means to determine whether he did or he didn't. He could have substituted the original sample or the reference sample or both of them. So, Mr. Sturgill, so I'm clear. Your view of the regulatory system is such that a totally innocent person, all right, has an adequate means of challenging the test even though he, what, can't get the best evidence? Your Honor, this case is about DNA, okay? And he says that he needs a DNA test to prove that the specimen was not his. And what FAA says and DOT says and HHS say is that even if you have a DNA test, even if you assume it could tell you something that it can't, as our plea goes, then it doesn't matter because it still wouldn't prove that he didn't substitute the sample. And a substituted sample is a positive sample and disqualifies it from being. But my point. And the case is about DNA, not about whose testimony about what. I mean, you know, in Blustein v. Skinner and the Supreme Court cases. Could I just ask my question and ask you to answer it? I'm sorry. My question is, under the DOT regulations, they give four examples of why you can't be sure whose urine this is. All right. He could have substituted it. He could have doctored it. He could have done all these things. So he's trying to rebut those presumptions. All right. And the hypothetical I'll give you is if he were able to test the urine. Let's assume he's a Caucasian male. Shows that it's the urine of an Asian or African American male. That's my hypothetical. There's no way he's going to have an opportunity to demonstrate that, because all the presumptions under the regulatory system preclude him from getting that information. So he goes to the state court and tries to do it, and he still can't get it. That's what I'm concerned about, is just in my hypothetical, where a mistake has been made, there's no way to prove that mistake. Our answer is even if there has been a mistake made, that evidence doesn't tell you who is responsible for the mistake. And the government thinks it's more likely than not that it's his having submitted a substituted specimen that is the reason for the mistake. Would you agree with this alternative way of responding to Judge Rogers? The statute or the regulation reflects the determination that DNA evidence is not good evidence for this purpose. That's correct, and that's what the flag declaration says. That may be the only way possible to make this case, but it's been excluded for whatever reason as not good evidence. I don't know when this regulation was written, but the quality of DNA evidence has improved greatly over the years. Well, again, the only evidence you have in this record is the declaration from SAMHSA that we put in. The plaintiff, we think, would have the burden of proof. The only thing he cites is the National Academy of Sciences article, which doesn't discuss urine testing in the DNA context at all. He cites the 2000 preamble to the rule. Well, right, that supports us. That's where HHS explains. No, he says that's outdated for the very reason Judge Ginsburg just mentioned. Well, the flagle declaration was submitted within the last year, and that tells you the up-to-date view of SAMHSA, which is the government agency that has the expertise and the responsibility for figuring these things out. I didn't understand the government's explanation as meaning that DNA testing wasn't far enough progressed at that time, and that now it's better. But the argument was even if DNA testing were perfect, it wouldn't matter, because there's no way to know whether the sample that he's providing it against was actually his. It has nothing to do with the quality of DNA testing. Isn't that right? Well... Your argument is... Yes. So this doesn't change if today DNA testing were better. Correct. All right. Now let me ask you about the process here. Is there a hearsay rule before the ALJ? No, there isn't. There isn't. Does the ALJ have the ability to call in each of the people in the chain of custody to testify? Yes, and, in fact, they did testify in this case. So in a drug case, which we see here thousands of times, drugs are seized. Police don't know what kind of drugs they are. In fact, they may not be drugs at all. They might be, you know, talcum powder rather than heroin. They're seized. They're put in a heat-sealed envelope. They're then passed to the laboratory, which signs for them. They're then passed to the technician, who signs for them and opens them and writes, I have now opened them, and I have just applied the appropriate reagents. It turns out they're actually heroin. It is heroin. It is not powder. That's typically how we decide, and that's the difference between somebody going to jail or not going to jail. Correct? Correct. Can they do the same thing here? Sometimes it turns out that there's a missing piece in the chain of custody. The lab technician failed to write on it. It wasn't really heat-sealed or anything like that in those cases. The defendant is acquitted. Correct. Is the same process here? Yes. So the only question is, since this is a process that we use to decide whether people go to jail in drug cases or not, the only question really is whether DNA makes a difference, that is, improves the chances. And I take it the government's argument is, whether it's the most persuasive argument or not, but the government's argument is that you can't control the chain of custody with respect to a DNA test. You don't know where the original stuff came from other than his signing that it was him, and you don't know what happens once you release this to another lab. Is that right? Right. Okay. I understand the rationale. Further questions? So when he moves for reinstatement in, what is it, two years? Yes, he may. And his record shows he has this positive drug test. Then what? Well, then he can be reinstated, he can get his medical certificate. If he passes another drug test and he goes through the training and the drug rehab program, so he has his medical certificate and he can seek employment in the industry. Then at that point it's up to the employers whether to hire him, but he does have his license back and can seek employment. Let me just ask one question. When you responded to Judge Carroll that the same procedural steps are available, were available here, as would be in a criminal trial, was that referring to the proceedings before the ALJ? Right, and the appeal rights as well. If he didn't like what the ALJ said, he had a right to an administrative appeal and then an appeal in the Eleventh Circuit. An administrative appeal in which he could introduce new evidence? No. Okay, so this was the ALJ here. Right. Okay, thank you. Okay. Thank you, Your Honor. All right. You don't have any more time, but we'll give you another minute anyway. Take another minute anyway. Thank you. I appreciate having an extra minute. Respectfully, what you just were told is really not the case. There is no way to submit any other evidence than what happened at the NTSB ALJ hearing. The board doesn't have any right to conduct any sort of trial at all. There are five members. No, the board doesn't. What about the ALJ? The ALJ can only take the charge the FAA brings. It's not a DOT charge. They don't go looking at the unconstitutionally. I'm not on the race, judicata, or collateral establishment. I'm on the question of the fairness of the proceedings. The fairness of the proceedings is limited just to the charge brought by the FAA. Right, but can you ask the ALJ to subpoena the people from the lab? Yes, you can ask the ALJ for a subpoena from the lab, but that still will not get you to what we need to know. And they keep bringing up this concept that he's going to do a substitute, somebody else in the jury. Why would he do that if he knows it might be positive or something? All you have to do is do what every other state and federal court are doing with DNA. It's either him or it's not him. If it's not him, well, guess what? He's going to win his enforcement case because it's not him. It's somebody else. Why in the world are they not going ahead and changing this 1990, mid-1990 regulation that they never really have changed? It's always been the same thing about chain of custody. It's baloney. The chain of custody the state judge is planning to do is the same custody that Quest and Concentra had when they brought the enforcement case with their laboratory sample. And it's no worse or better. It's the same thing. We're going to ensure it's going to be 100% if it ever gets tested. I don't mean to imply that their method is the best. The only question is whether their method is a rational one. And if you want to change the regulation because you have a better way to do it, you can file a petition for changing the DOT and FAA's regulations or HHS's regulations. But this court also has the authority to determine. Only if our authority is limited to overturning the regulation if it's arbitrary and capricious, not if it's not the best method. Well, I think it's totally arbitrary and capricious to not allow somebody to have his identity. I mean, where else can you go to lose your whole career, millions and millions of dollars, your family's looking at you like, how am I going to pay the bills? I mean, this is just really unbelievable, to be honest with you. I mean, this is the most arbitrary and capricious situation I've ever seen. It's certainly not in accordance with what I consider the Constitution to be in the United States. I really don't. Okay, further questions? All right, thank you. We'll take a matter under submission.
judges: Garland, Rogers, Ginsburg